David W. Hall (SBN 274921)
dhall@hedinhall.com
Frank S. Hedin (SBN 291289)
fhedin@hedinhall.com
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA  94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

Robert R. Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Vanessa Shakib (SBN 287339)
vshakib@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Counsel for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREDERICK'S OF HOLLYWOOD GROUP INC.; and AUTHENTIC BRANDS GROUP LLC,<br><br>Defendants. | Case No.  2:18-cv-4016<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Randy Bryant, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel and the advice and consultation of certain third-party agents as to technical matters, and on information and belief as to all other matters:

## NATURE OF ACTION

1.     Plaintiff brings this action for legal and equitable remedies resulting from the illegal actions of Frederick's of Hollywood Group Inc. ("Defendant FOH") and Authentic Brands Group LLC ("Defendant ABG"), in negligently, knowingly, or willfully transmitting SMS text messages en masse to Plaintiff's cellular telephone and the cellular telephones of thousands of other individuals across the country, without prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this putative class action lawsuit pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.     Personal jurisdiction and venue are proper in this district because Defendant FOH is headquartered in this district, because Defendant ABG operates and maintains the mobile text message marketing campaigns of FOH in part in this district, and because Defendant ABG and Defendant FOH directed the transmission of text messages into this district to members of the putative class, in violation of the TCPA.

## PARTIES

4.     Plaintiff is, and at all times mentioned herein was, an individual and a "person" as defined by 47 U.S.C. § 153(39) and a citizen and resident of Fayetteville, North Carolina.

5.     Defendant FOH is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).  Defendant FOH is, and at all times mentioned herein was, an internet-based store that markets and sells lingerie and other clothing and apparel under the name "Frederick's of Hollywood" at various websites, including without limitation http://www.fredericks.com and http://fredericks.attn.tv.  Defendant FOH maintains its corporate headquarters in Hollywood, California, and is a wholly-owned subsidiary of Defendant ABG.

6.     Defendant ABG is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).  Defendant ABG is, and at all times mentioned herein was, an investment

1 company headquartered in New York, New York.   Defendant ABG is the corporate parent of Defendant FOH.

7.     Defendant FOH and Defendant ABG together own and/or operate several e-commerce-based Internet domains and subdomains that are used for marketing and selling goods under the "Frederick's of Hollywood" brand, including without limitation at the website http://www.fredericks.com and http://fredericks.attn.tv.

8.     Defendant FOH and Defendant ABG are referred to collectively herein at times as "Defendants".

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

9.     To address consumer complaints regarding certain telemarketing practices, Congress enacted the TCPA, 47 U.S.C. § 227, in 1991.  The TCPA prohibits, inter alia, the use of automated telephone equipment, or "autodialers," to make any call, including sending a text message, to a wireless number absent an emergency or the "prior express consent" of the party called.   And in the case of calls or text messages that constitute "advertisements" or "telemarketing", as defined by applicable regulations, the TCPA requires the "prior express <u>written</u> consent" of the called party before initiating such calls or texts via an autodialer.

10.     According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, autodialed calls and texts are prohibited because receiving them is a greater nuisance and invasion of privacy than live solicitation calls and they can be costly and inconvenient. The FCC also recognized that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes or texts are used.

11.     One of the most prevalent bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system that allows for the transmission and receipt of short text messages to and from wireless telephones.  Another similar service called "Multimedia Messaging Services" (or "MMS") is based upon and similar to the SMS system, but also permits the transmission of photos and videos via text message. According to a recent study, "[s]pam isn't just for email anymore; it comes in the form of

unwanted text messages of all kinds — from coupons to phishing schemes — sent directly to user's cell phones."[1]

12. SMS and MMS text messages are directed to a wireless device through a telephone number assigned to the device. When an SMS or MMS text message is successfully transmitted, the recipient's wireless phone alerts the recipient that a message has been received. Because wireless telephones are carried on their owner's person, SMS and MMS text messages are received virtually anywhere in the world.

13. Unlike more conventional advertisements, SMS and MMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

14. Moreover, the transmission of an unsolicited SMS or MMS text message to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

15. Plaintiff is, and at all times mentioned herein was, the subscriber of the cellular telephone number (910) ***-1073 (the "1073 Number"). The 1073 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. Defendant ABG states on its website that "ABG is committed to transforming brands by delivering compelling product, content, business, and immersive brand experiences. We create and activate original marketing strategies to drive the success of our brands across

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited May 21, 2015).

all consumer touchpoints, platforms, and emerging media."[2]  Upon information and belief, Defendant ABG operates, manages and oversees the marketing, including text message marketing campaigns, of Defendant FOH and of other companies owned by Defendant ABG.

17. Between early 2018 and the date of the filing of this Class Action Complaint, Defendants transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, multiple MMS text message advertisements to the 1073 Number without Plaintiff's express consent, written or otherwise.

18. For example, on or about February 22, 2018, Defendants transmitted from the short code 70600, and Plaintiff received at the 1073 Number, two MMS text messages: the first containing an image of a woman with text in front of the image advertising "30% off our fresh spring styles," and the second containing the following advertisement in only text: "Frederick's of Hollywood: New Spring Arrivals! Tap https://fredericks.attn.tv/l/kPU/Klh for an exclusive first look & to save 30% on our new spring collection."

19. The website https://fredericks.attn.tv/l/kPU/Klh, to which the second above-referenced text message received by Plaintiff linked, is owned or operated by Defendants.

20. The source of each of the unsolicited MMS text messages sent by Defendants to the 1073 Number was "70600", which is an SMS and/or MMS short code leased by Defendants or Defendants' agent(s) or affiliate(s) and is used for operating Defendants' text message marketing program.

21. Because Plaintiff is alerted by his cellular device, by auditory or visual means, whenever he receives an MMS text message, each unsolicited MMS text message that Defendants transmitted to Plaintiff's cellular device invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt.  Plaintiff became distracted and aggravated as a result of receiving Defendants' unsolicited MMS text messages.

---

[2] "What We Do," Authentic Brands Group LLC, available at http://authenticbrandsgroup.com/what-we-do/ (last accessed Mar. 25, 2018).

22. All telephone contact by Defendants or affiliates, subsidiaries, or agents of Defendants to Plaintiff at the 1073 Number occurred via an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

23. Specifically, Defendants utilized an "automated telephone dialing system" because the MMS messages to the 1073 Number were sent from "70600", which is a short code telephone number used to message consumers en masse; because Defendants' automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by Defendants to send such messages have the capacity to store, produce, and dial random or sequential numbers, or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion and without human intervention. And indeed, Defendants transmitted the text messages at issue in this case to Plaintiff and all other putative class members in an automated fashion and without human intervention, with hardware and software that stores, produces and dials random or sequential numbers.

24. The complained of text messages to the 1073 Number constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4) and/or advertisements as defined by 47 C.F.R. 64.1200(f)(1).

25. Plaintiff never provided "prior express written consent" or any other form of consent allowing Defendants or any affiliate, subsidiary, or agent of Defendants to transmit SMS text messages to the 1073 Number by means of an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

26. <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. 23. The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons within the United States who, between May 4, 2014 and the present, received one or more SMS or MMS text message(s) from Frederick's of Hollywood Group Inc. or Authentic Brands Group LLC or an affiliate, subsidiary, or agent of Frederick's of Hollywood Group Inc. or Authentic Brands Group LLC and who did not provide prior express written consent to receive such SMS or MMS text message(s).

27. Defendants, their employees and agents are excluded from the Class.

28. Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

29. Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates or subsidiaries.

30. This Class Action Complaint seeks injunctive relief and monetary damages.

31. This action may properly be brought and maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

32. Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify subclasses in the interests of manageability, justice, or judicial economy.

33. <u>Numerosity</u>. The number of persons within the Class is substantial, believed to amount to tens of thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

34. <u>Typicality</u>. Plaintiff received at least one text message through the use of an automatic telephone dialing system, without providing his prior express written consent to either of the Defendants within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interest is consistent with and not antagonistic to those of the other Class members he seeks to represent. Plaintiff and all

members of the Class have been impacted by, and face continuing harm arising out of, Defendants' violations or misconduct as alleged herein.

35. <u>Adequacy</u>. As Class representative, the Plaintiff has no interests adverse to, or which conflict with, the interests of the absent members of the Class, and is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class Action Complaint to add additional Class representatives or assert additional claims.

36. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Counsel are experienced in handling complex class action claims, in particular claims under the TCPA and other data privacy and consumer protection statutes.

37. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any class member, include (but are not limited to) the following:

a) Whether Defendants or affiliates, subsidiaries, or agents of Defendants transmitted advertising or telemarketing text messages to Plaintiff's and Class members' cellular telephones;

b) Whether such text messages were sent using an "automatic telephone dialing system";

c) Whether Defendants or affiliates, subsidiaries, or agents of Defendants can meet their burden to show Defendants obtained prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to send the text messages complained of, assuming such an affirmative defense is raised;

d) Whether the complained of conduct was knowing or willful;

- 8 -

e) Whether Defendants or affiliates, subsidiaries, or agents of Defendants should be enjoined from engaging in such conduct in the future.

38. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the text messages at issue are all automated and the Class members, by definition, did not provide the prior express written consent required under the statute to authorize such text messages to their cellular telephones. The Class members can be readily located and notified of this class action through Defendants' records and, if necessary, the records of cellular telephone providers.

39. Additionally, the prosecution of separate actions by individual Class members may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members

1 could further establish inconsistent results and/or establish incompatible standards of conduct for Defendants.

40. Defendants or any affiliates, subsidiaries, or agents of Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**
(Against Both Defendants, on Behalf of Plaintiff and the Class)

41. Plaintiff incorporates by reference paragraphs 1-40 of this Class Action Complaint as if fully stated herein.

42. The foregoing acts and omissions constitute negligent violations of the TCPA by Defendants, including but not limited to violations of each of the above-cited provisions of 47 U.S.C. § 227.

43. As a result of Defendants' negligent violations of 47 U.S.C. § 227, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

44. As a result of Defendants' negligent violations of 47 U.S.C. § 227, Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00 in statutory damages for each and every text message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

45. Plaintiff and Class members also seek an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227
(Against Both Defendants, on Behalf of Plaintiff and the Class)

46. Plaintiff incorporates by reference paragraphs 1-40 of this Class Action Complaint as if fully stated herein.

47. The foregoing acts and omissions by Defendants constitute knowing or willful violations of the TCPA, including but not limited to violations of each of the above-cited provisions of 47 U.S.C. § 227.

48. As a result of alleged knowing or willful violations of 47 U.S.C. § 227, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

49. As a result of Defendants' knowing or willful violations of 47 U.S.C. § 227, Plaintiff and all Class members are also entitled to, and do seek, treble damages of up to $1,500.00 for each and every text message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

50. Plaintiff and Class members also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment in his favor, as follows:

A. Injunctive relief prohibiting such violations of the TCPA in the future;

B. As a result of the alleged negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each class member $500.00 in statutory damages for each and every text message that violated the TCPA;

C. As a result of the alleged willful or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each class member treble damages, as provided by the statute, of up to $1,500.00 for each and every text message that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court

deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing Plaintiff's counsel as counsel for the Class.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: May 14, 2018               Respectfully submitted,

**AHDOOT & WOLFSON, PC**

By: s/ Robert R. Ahdoot
Robert R. Ahdoot (SBN 172098)
*rahdoot@ahdootwolfson.com*
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Vanessa Shakib (SBN 287339)
*vshakib@ahdootwolfson.com*
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: (310) 474-9111; Fax: (310) 474-8585

**HEDIN HALL LLP**
David W. Hall (SBN 274921)
*dhall@hedinhall.com*
Frank S. Hedin (SBN 291289)
*fhedin@hedinhall.com*
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3534; Fax: (415) 402-0058

*Counsel for Plaintiff and the Putative Class*